FILED
99 SEP 20 PM 1:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
SEP 20 1999

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| XAVIER LOFTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NUMBER |
| | ) | |
| SUBRO AUDIT, INC., et al., | ) | 98-C-2760-W |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION GRANTING
MOTION FOR SUMMARY JUDGMENT**

In this Employee Retirement Income Security Act, 29 U.S.C. § 1000 *et seq.* ("ERISA") case, the material facts are not in dispute. The Defendants have moved for summary judgment; and based on the following undisputed facts, they are entitled to judgment as a matter of law.

I

On March 7, 1998, the Plaintiff Xavier Lofton was involved in an automobile accident and sustained serious and life-threatening injuries. At the time, the Plaintiff was a beneficiary of health care benefits under the Benefit Plan for UMWA Represented

Employees of Jim Walter Resources, Inc. ("the Plan"). Among the features of the Plan is a subrogation provision.[1]

The Defendant Jim Walter Resources, Inc. is the Plan Administrator. The Defendant HealthSTRATEGIES is the Plan's agent and claims administrator. The Defendant Subro-Audit, Inc. performs contractual services for HealthSTRATEGIES.

The Plaintiff has been paid the full amount due to him under the Plan.

On July 3, 1998, the Plaintiff's uninsured motorist carrier, Colonial Insurance Company of California, ("Colonial") paid him his claim totaling $42,000. The Colonial checks were made payable to the Plaintiff, his counsel, and the DCH Regional Medical Center. These checks were subsequently negotiated by the Plaintiff. The Court accords to the Plaintiff the favorable inference that the checks were negotiated after October 5, 1998.

Between July 3, 1998, and October 5, 1998, HealthSTRATEGIES did not waive the Plan's subrogation rights in the proceeds of the Colonial payment, though requested to do so by the Plaintiff. At the time this lawsuit was filed, Plaintiff's dispute concerning subrogation was in the process of being evaluated by HealthSTRATEGIES.

---

[1] The Plan requires a beneficiary to execute "such documents ... reasonably required by the Plan Administrator, including an assignment of rights to receive such third party payments, in order to protect and perfect the Plan's right to reimbursement from any such third party." Declaration of Ada Griffies, Exhibit A, p. 29, Art. IIIA(10)(e)

Within five days of service of process in this action, counsel for Subro-Audit notified the Plaintiff that HealthSTRATEGIES had agreed to waive the Plan's subrogation rights.

The Plan contains a dispute resolution mechanism. Under this mechanism, an employee must first seek to resolve his dispute through communications with HealthSTRATEGIES. If the employee is not satisfied with the HealthSTRATEGIES decision, he may then appeal to the Trustees of the Plan. Although the Plaintiff is familiar with this administrative mechanism and has utilized it in the past, he never appealed to the Trustees his subrogation dispute.

II

On these facts, the Defendants are entitled to summary judgment.

Assuming without deciding that the subrogation issue is cognizable in this ERISA action, the undisputed facts make it clear that the Plan had at least a *prima facie* subrogation interest in the Plaintiff's uninsured motorist proceeds. But that interest was subject to the "make whole doctrine" - a default rule in ERISA cases. *Cagle v. Bruner*, 112 F.3d 1510, 1521 (11th Cir. 1997). And since the Plan's language does not disavow the make whole doctrine, it is clear that the doctrine effectively destroys any subrogation right which the Plan would otherwise have had in the Colonial proceeds. *Id.; Guy v. Southeastern Iron Workers' Welfare Fund*, 877 F.2d 37 (11th Cir. 1989).

3

Whether the Plan unreasonably delayed its subrogation decision, however, may not be litigated by the Plaintiff because of his failure to exhaust his administrative remedies prior to the filing of this action. *Mason v. Continental Group, Inc.,* 763 F.2d 1219 (11th Cir. 1985); *Counts v. Amer. Gen. Life & Accident Ins. Co.,* 111 F.3d 105 (11th Cir. 1997). Exhaustion is required unless it would have been futile to do so. There is no basis in the evidence for a reasonable inference that it would have been futile for the Plaintiff to appeal to the Plan's Trustees HealthSTRATEGIES delay in processing his dispute.

By separate order, the Defendants' motion for summary judgment will be granted.

DONE this 20th day of September, 1999.

                                                     UNITED STATES DISTRICT JUDGE
                                                     U. W. CLEMON

4